## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

IN RE: DIAMOND SERVICES
CORPORATION

CASE NO.  6:20-CV-00408

JUDGE ROBERT R. SUMMERHAYS

MAGISTRATE JUDGE WHITEHURST

### RULING & ORDER

Before the Court is Claimant Benjamin Cormier's Motion to Modify and Partially Lift Stay or Alternatively, to Bifurcate. [ECF No. 13]. For the reasons set forth below, the motion is DENIED.

### I.
#### BACKGROUND

Benjamin Cormier, a hydrographic surveyor for Complete Logistical Services, LLC ("CLS"), alleges he was injured while working aboard the DIAMOND 85, a barge owned by Diamond Services Corporation ("Diamond"). Specifically, Cormier alleges he was injured when Diamond's crane operator negligently transferred him by personnel basket from the DIAMOND 85 to the M/V CROSBY QUEST, a tugboat owned and/or operated by Crosby Marine Transportation, LLC ("Crosby"). On December 23, 2019, Cormier filed suit against Diamond in the 16th Judicial District Court in St. Mary Parish, Louisiana. On March 18, 2020, Diamond filed a third-party demand against Crosby for negligence and contribution/indemnity.

On March 31, 2020, Diamond filed a Complaint for exoneration from and/or limitation of liability with this Court, alleging, *inter alia*, that "Crosby's negligent operation of the M/V CROSBY QUEST and/or unseaworthiness of the M/V CROSBY QUEST caused, in whole or in

part, the May 23, 2019 incident that allegedly resulted in various injuries to Benjamin D. Cormier."
[ECF No. 1 at 3, ¶ X]. On April 2, 2020, the undersigned issued an Order enjoining and staying
Cormier's state court suit until resolution of this proceeding. [ECF No. 5 at 2-3]. Thereafter,
Cormier filed a claim for personal injuries in this matter; Crosby filed a claim seeking contribution,
indemnity, costs and legal fees; and Cormier's employer (Complete Logistical Services, LLC,
referred to herein as "CLS") and its longshore insurer (Signal Mutual Indemnity Association, Ltd.)
filed a claim seeking "damages . . . for the amounts paid or required to be paid by CLS or Signal
to Benjamin Cormier as maintenance and cure and/or under the LHWCA." [ECF No. 19 at 8].
Cormier now moves the Court to lift the stay of his state court suit, so that he may proceed in state
court with his suit against Diamond. Alternatively, Cormier asks the Court to bifurcate "the
limitation issues from all non-limitation issues," and after conclusion of the limitation proceedings
permit him to try his injury claims in state court. [ECF No. 13-2 at 21]. Diamond opposes the
motion. The remaining claimants have filed no response.

## II.
### LAW & ANALYSIS

"Article III, § 2, of the United States Constitution vests federal courts with jurisdiction over
all cases of admiralty and maritime jurisdiction." *Lewis v. Lewis & Clark Marine, Inc*., 531 U.S.
438, 443 (2001). Congress codified this constitutional grant of admiralty and maritime jurisdiction
in 28 U.S.C. § 1333(1), which provides in relevant part: "The district courts shall have original
jurisdiction, exclusive of the courts of the States, of: . . . [a]ny civil case of admiralty or maritime
jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."
28 U.S.C. § 1333. The Limitation Act permits a vessel owner to limit liability for damage or injury,
occasioned without the owner's privity or knowledge, to the value of the vessel and its pending

freight or the owner's interest in the vessel and its freight. 46 U.S.C. § 30505; *see also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001).

As the Supreme Court has acknowledged, "[s]ome tension exists between the saving to suitors clause and the Limitation Act." *Lewis* at 448. "[T]he former affords suitors a choice of remedies, while the latter gives shipowners the right to seek limitation of their liability exclusively in federal court." *In re Tetra Applied Techs. LP*, 362 F.3d 338, 340 (5th Cir. 2004) (citing *Lewis* at 448).[1] Generally, the "savings to suitors" clause has been construed to permit both state and federal courts to hear in personam admiralty and maritime claims. *Lewis*, 531 U.S. at 445 ("[T]he saving to suitors clause [is] a grant to state courts of in personam jurisdiction, concurrent with admiralty courts"). Federal courts generally have exclusive jurisdiction to hear in rem actions against vessels and other maritime property. *Lewis* at 444 ("[P]roceedings in rem were deemed outside the scope of the [saving-to-suitors] clause because an in rem action was not a common law remedy, but instead a proceeding under civil law"). Federal courts have exclusive jurisdiction over suits by shipowners invoking the Limitation Act. *In re Tidewater, Inc*., 249 F.3d 342, 345 (5th Cir. 2001).[2]

"When a shipowner files a federal limitation action, the limitation court stays all related claims against the shipowner pending in any forum, and requires all claimants to timely assert their claims in the limitation court." *Magnolia Marine Transp. Co., Inc. v. Laplace Towing Corp*., 964 F.2d 1571, 1575 (5th Cir.1992). "The court takes jurisdiction to entertain those claims without a jury, and ensures that the shipowner who is entitled to limitation is not held to liability in excess

---

[1] "The saving to suitors clause evinces a preference for jury trials and common law remedies in the forum of the claimant's choice." *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996) (*Odeco II*).

[2] The scope of exclusive jurisdiction under the Limitation Act "is proportional to the federal interest in protecting the vessel owner's right to seek limitation of liability." *Lewis*, 531 U.S. at 453.

of the amount ultimately fixed in the limitation suit (the limitation fund)." *Id.* (citations omitted). "The court's primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." *Id.* However, when a shipowner is not exposed to potential liability in excess of the limitation fund, the shipowner's absolute right to limit its liability is not implicated, and the saving-to-suitors clause dictates that the admiralty court must allow suits pending against the shipowner other fora to proceed. *Complaint of Port Arthur Towing Co. on Behalf of M/V Miss Carolyn*, 42 F.3d 312, 316 (5th Cir.1995). Additionally, a court *may* permit claims to proceed outside of the limitation action where "*all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court." *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir.1996).

In this matter, there is no stipulation or other information in the record indicating that the claims asserted do not exceed Diamond's declared value of the vessel and its freight. Further, only Cormier has filed the required stipulation even though there are multiple claimants in this suit.[3] The lack of a stipulation by all claimants is fatal to Cormier's motion to lift the stay. Cormier's suggestion to the contrary, the Fifth Circuit has recently reiterated that in a multiple claimant case *all* claimants must enter into the stipulation. *In re Devall Towing & Boat Serv. of Hackberry, L.L.C.*, 827 F. App'x 411, 412–13 (5th Cir. Sept. 11, 2020). In *Deval*, the Fifth Circuit vacated a district court's order that effectively imposed such a unilateral stipulation on the parties, even

---

[3] Cormier's argument to the contrary, Crosby has asserted a legally cognizable claim for contribution and indemnification. Parties seeking contribution, indemnity, costs and/or attorneys fees are "claimants" within the meaning of the Limitation Act. *Odeco*, 74 F.3d at 675; *In re Complaint of Port Arthur Towing, Co.*, 42 F.3d 312, 316 (5th Cir. 1995). A motion to lift the stay is not the proper vehicle to challenge the merits of Crosby's claim.

though all claimants had not agreed to such a stipulation. *Id.* (holding that a district court abuses its discretion by "allowing the state court action to proceed in the absence of a stipulation, agreed to by all claimants, protecting [the shipowner's] right to limitation.") (quoting *Odeco*, 74 F.3d at 675).[4]

The lack of a stipulation is likewise fatal to Cormier's request to proceed in state court after determination of the limitation issue, unless it is determined that all claims will not exceed the value of the limitation fund, or the claims of Crosby (and perhaps CLS) are dismissed. *In re ADM/Growmark River System, Inc.*, 234 F.3d 881, 885-86 (5th Cir. 2000). Accordingly, Cormier's alternative request for bifurcation is premature at this stage of the case prior to discovery. However, Cormier may re-urge his motion after the completion of discovery if he can show, by a preponderance of the evidence, that the value of all claims is less than the value of the limitation fund. *See Odeco*, 74 F.3d at 675; *Gorman v. Cerasia*, 2 F.3d 519, 526-27, 528 (3d Cir. 1993).

## III.
### CONCLUSION

For the reasons set forth above, the Motion to Modify and Partially Lift Stay or Alternatively, to Bifurcate [ECF No. 13] filed by Claimant, Benjamin Cormier, is DENIED.

THUS DONE in Chambers on this 12th day of January, 2021.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**

---

[4] *Devall* vacated the district court order cited by Cormier as a basis for his request to lift the stay.